UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL SECURITY ARCHIVE

*Plaintiff,*

v.

CENTRAL INTELLIGENCE AGENCY,

*Defendant.*

Civil Action No. 21-02857 (JEB)

## ANSWER

Defendant, the Central Intelligence Agency ("CIA"), by undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff, National Security Archive ("Plaintiff"), which makes claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted.

### RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT[1]

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in its responses; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles may be construed to contain factual allegations, those allegations are denied.

expressly denies the allegations in the Complaint that are not expressly admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like-numbered paragraphs as follows:

1. This paragraph contains Plaintiff's description of this action to which no response is required. To the extent that a response is required, Defendant admits only that this action purports to be brought under the Freedom of Information of Act ("FOIA"), 5 U.S.C. § 552.

## JURISDICTION AND VENUE

2. Defendant admits that the Court has jurisdiction over this FOIA matter.

3. Defendant admits that the venue is proper in this judicial district.

## PARTIES

4. The allegations contained in this paragraph consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Defendant admits it is an agency pursuant to 5 U.S.C. §§ 551(1) and 552 (f).

## BACKGROUND

### *The 1983 Soviet "War Scare"*

6. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

7. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

8. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

9. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

### *Lieutenant General Leonard Perroots' De-escalation of the 1983 Soviet "War Scare"*

10. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

11. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the

allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

12. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

13. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

14. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

15. This paragraph does not set forth a claim for relief or allege facts in support of a claim to which a response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full text of the cited document and Defendant respectfully refers the Court to the cited document for its full and accurate contents.

### *Plaintiff's Efforts to Obtain the Perroots' Files*

16.     Defendant admits the first sentence of this paragraph.  The remaining allegations in this paragraph consist of Plaintiff's characterization of its prior FOIA request to the Defense Intelligence Agency, and Defendant respectfully refers the Court to the underlying FOIA case docket for its full and accurate substance and content.  Defendant denies the allegations in this paragraph to the extent that they are inconsistent with the underlying FOIA case docket.

17.     The allegations in this paragraph consist of Plaintiff's characterization of its prior FOIA request to the Defense Intelligence Agency, and Defendant respectfully refers the Court to the underlying FOIA case docket for its full and accurate substance and content.  Defendant denies the allegations in this paragraph to the extent that they are inconsistent with the underlying FOIA case docket.

18.     The allegations in this paragraph consist of Plaintiff's characterization of its prior FOIA request to the Defense Intelligence Agency, and Defendant respectfully refers the Court to the underlying FOIA case dockets for its full and accurate substance and content.  Defendant denies the allegations in this paragraph to the extent that they are inconsistent with the underlying FOIA case docket.

19.     The allegations in this paragraph consist of Plaintiff's characterization of its prior FOIA request to the Defense Intelligence Agency, and Defendant respectfully refers the Court to the underlying FOIA case dockets for its full and accurate substance and content.  Defendant denies the allegations in this paragraph to the extent that they are inconsistent with the underlying FOIA case docket.

20.     The allegations in this paragraph consist of Plaintiff's characterization of its prior FOIA request to the Defense Intelligence Agency, and Defendant respectfully refers the Court to

the underlying FOIA case dockets for its full and accurate substance and content. Defendant denies the allegations in this paragraph to the extent that they are inconsistent with the underlying FOIA case docket.

21. The allegations in this paragraph consist of Plaintiff's characterization of its prior FOIA request to the Defense Intelligence Agency, and Defendant respectfully refers the Court to the underlying FOIA case dockets for its full and accurate substance and content. Defendant denies the allegations in this paragraph to the extent that they are inconsistent with the underlying FOIA case docket.

### *Department of State's Publication of a Partial Transcription of the Perroots Files*

22. This paragraph constitutes Plaintiff's characterization of the referenced document to which no response is required. To extent a response is necessary, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the allegations.

23. This paragraph constitutes Plaintiff's characterization of the referenced document to which no response is required. To extent a response is necessary, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the allegations.

24. This paragraph constitutes Plaintiff's characterization of the referenced document to which no response is required. To extent a response is necessary, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the allegations.

25. This paragraph constitutes Plaintiff's characterization of the referenced document to which no response is required. To extent a response is necessary, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies the allegations.

**PLAINTIFF'S 2021 FOIA REQUEST**

26. Defendant admits that Plaintiff submitted a FOIA request to Defendant dated August 10, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, and Defendant respectfully refers the Court to the August 10, 2021 FOIA request for a complete and accurate statement of its content. Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full content of the FOIA request.

27. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, and Defendant respectfully refers the Court to the request for complete and accurate statements of its content. Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full content of the FOIA request.

28. Defendant admits that on August 11, 2021, Defendant sent a letter to Plaintiff acknowledging receipt of Plaintiff's FOIA request and assigning it a reference number. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the Defendant's letter, and Defendant respectfully refers the Court to the August 11, 2021 letter for a complete and accurate statement of its content. Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full content of the letter.

29. The allegations in this paragraph consist Plaintiff's characterizations of the website to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations.

30. The allegations in this paragraph consist of legal conclusions to which no response is required.

31. Defendant admits it acknowledged receipt of Plaintiff's request by letter dated August 11, 2021. The remaining allegations in this paragraph contain Plaintiff's characterization of Defendant's August 11, 2021 letter. To the extent a response is required, Defendant respectfully refers the Court to the August 11, 2021 letter for a full and accurate statement of its content.

32. The allegations in this paragraph consist of Plaintiff's characterizations of Defendants' 2020 Annual Report, and Defendant respectfully refers the Court to the Report for complete and accurate statements of its content. Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full content of the Report.

33. Defendant admits only that it has not issued a final determination in response to Plaintiff's FOIA request. To the extent that this paragraph alleges that Defendant has unlawfully withheld responsive records, Defendant denies the allegations in this paragraph.

## CAUSE OF ACTION

*Violation of the Freedom of Information Act for*
*Wrongful Withholding of Agency Records*

34. Defendant incorporates by reference its responses to paragraphs 1-33.

35. The allegations in this paragraph consist of Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, Defendant denies that it has unlawfully withheld records responsive to Plaintiff's FOIA request.

36. The allegations in this paragraph consist of Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, Defendant denies that it has unlawfully withheld records responsive to Plaintiff's FOIA request.

37. The allegations in this paragraph consist of Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## REQUESTED RELIEF

Paragraphs 1 – 4 of Plaintiff's "Requested Relief" contain Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Any document or information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Plaintiff is not entitled to information or records protected from disclosure by one or more exemptions to the FOIA. 5 U.S.C. § 552.

## THIRD DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

## FOURTH DEFENSE

To the extent Plaintiff's FOIA requests seek matters that are not "agency records," or seek matters exempt from disclosure under the FOIA, the Court lacks subject matter jurisdiction to compel the agency to produce such matters.

**FIFTH DEFENSE**

To the extent Plaintiff's FOIA requests seek matters that are not "agency records," or seek matters exempt from disclosure under the FOIA, the Complaint fails to state a claim upon which relief can be granted with respect to such matters.

**SIXTH DEFENSE**

At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

Dated: January 4, 2021

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BRIAN HUDAK
Acting Chief, Civil Division

_____/S/_____
T. ANTHONY QUINN
Assistant United States Attorney
D.C. Bar No. 415213
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
202-252-7558
Tony.Quinn2@USDoJ.Gov

*Counsel for Defendant*