```
                   UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
     ---------------------------X

      NATIONAL SECURITY ARCHIVE,

                 Plaintiff

                    v.            Civil Action 21-2857 (JEB)

      CENTRAL INTELLIGENCE AGENCY,

                 Defendant

     ---------------------------X
                                         Washington, D.C
                                         Friday, May 6, 2022
                                         2:00 p.m.

              TRANSCRIPT OF A VIDEO STATUS CONFERENCE
              BEFORE THE HONORABLE JAMES E. BOASBERG
                    UNITED STATES DISTRICT JUDGE
     APPEARANCES:

     For the Plaintiff: Hilary Jacobs, Esq.
                        John Stephen Guttmann, Jr., Esq.
                        BEVERIDGE & DIAMOND, P.C.
                        1900 N Street, NW, Suite 100
                        Washington, DC 20036
                        (202) 789-6086

     For the Defendant: Thomas Anthony Quinn, Esq.
                        DOJ-USAO, Civil Division
                        555 4th Street, NW
                        Washington, DC 20530
                        (202) 252-7558




     Court Reporter:    Lisa Walker Griffith, RPR
                        U.S. District Courthouse, Room 6507
                        Washington, D.C.  20001
                        (202) 354-3247
```

**P R O C E E D I N G S**

THE COURTROOM DEPUTY: Good afternoon. We're here for civil status hearing in 21-2857. National Security Archive versus Central Intelligence Agency. Beginning with counsel for plaintiff, please identify yourselves for the record.

MS. JACOBS: Good afternoon, Your Honor. I'm Hilary Jacobs, counsel for National Security Archives, here with me are my colleagues, John Guttmann, who is also counsel for the Archives on this case, and Mary Crowell, who has been helping out with this case but has not entered an appearance. I would like to quickly ask permission for her to observe this hearing if that is okay with you.

THE COURT: Okay. She may do so.

MS. JACOBS: Thank you.

MR. QUINN: Tony Quinn for the defendant.

THE COURT: All right. Thank you, Mr. Quinn.

I understand that there is a dispute about three pages of this document, I guess, which has been redacted total.

I guess the first question, Ms. Jacobs, is you say your main basis is that they have already been released, right?

MS. JACOBS: Yes.

THE COURT: You have them. So what do you need

```
 1  these for if you already have them?
 2          MS. JACOBS:  It is a fair question.  So yes, Your
 3  Honor, so the Department of State Office of the Historian I
 4  understand released a transcription of the document that
 5  we're seeking in I think February of this year.  And the
 6  transcription, while it includes presumably, it's supposed
 7  to be verbatim text of the document that we're seeking,
 8  there is also lots of historical value, information of
 9  historical value in the original documents that my client
10  would find of use.
11          I think that the production that CIA released just
12  now is a perfect example of how not everything gets put into
13  the transcription.  So the one thing that got new
14  information, even though most of it was redacted, we
15  received this cover letter to the document that we're
16  seeking, which was not included in the transcription in the
17  Department of State publication.  There is a lot of other
18  information that is of historic value that is in the
19  original document that historians like my client really
20  finds valuable.  I could go on but that's the gist.
21          THE COURT:  Okay.  So you are saying, Mr. Quinn,
22  that the transcript is different from the document that you
23  have?
24          MR. QUINN:  Yes, Your Honor.  As Ms. Jacobs
25  pointed out, I personally have not seen it but I am so
```

1  advised.

2  THE COURT: This isn't something that you folks
3  can reach some agreement on here? It seems like your
4  differences are rather negligible, Mr. Quinn.

5  MR. QUINN: I'm told that the withholding was
6  pursuant to the national security aspect of FOIA part one.
7  And I'm not able to speak further on it.

8  In addition, I have to advise the Court that, due
9  to my level of security, the matter is being -- or
10 inadequate level of security clearance, the matter is going
11 to be transferred over to an attorney at the Department of
12 Justice's Fed Programs. So to the extent any further
13 negotiation could be possible, I'm not the government
14 attorney who would be capable of doing so.

15 THE COURT: Okay. Is that, can you give me a
16 sense of when that is happening?

17 MR. QUINN: I'm told that that has been requested.
18 I have not received a confirmation from Fed Programs. And I
19 advised my supervisors, as the CIA agency contact for me has
20 advised me, that that is in process, but it has not given me
21 the contact information.

22 THE COURT: So I'm wondering, Ms. Jacobs, whether
23 your powers of persuasion could be employed in saying to
24 Mr. Quinn's successor: Look, what is the big national
25 security interest? We already have this, we already have

1  all the content.  It's just the form that you are holding on
2  to.  And maybe you can reach some agreement with that
3  person.  If you can't, then I guess we'll just have to brief
4  it, although it seems to me that is spending a lot of effort
5  where it might not be necessary.
6            MS. JACOBS:  Your Honor, I hope my powers of
7  persuasion can achieve such goals, such reality.  So we'll
8  see what happens.  I'm fully amenable to that.  That would
9  be ideal.
10           As Mr. Quinn stated, there has been some shifting
11 with counsel.  We'll hang tight to see how that resolves
12 itself and then work with them.  But we feel the same way as
13 you, that briefing could be a real waste of judicial
14 resources and everyone's time when this is really kind of a
15 super straightforward issue.  The contents of the document
16 is public, period.
17           THE COURT:  I'm sorry, to interrupt.  The only
18 thing left in dispute in the case is this issue?
19           MS. JACOBS:  Correct.  We're talking about this
20 two page document, and whether or not it is subject to FOIA
21 exemptions or not.  We contend that it's not.  We're
22 prepared to brief that if we have to.  But we contend that
23 it is not because it's public, and evidently the CIA is
24 arguing that it still is, despite the fact that the
25 information in the document is now in the public.

```
 1              THE COURT:  How about we do this?  Why don't we do
 2   a joint status report and we'll pick a reasonable time, in
 3   which you will alert me as to how successful you have been
 4   in trying to persuade Mr. Quinn's successor about release.
 5   Then if you have not persuaded that person, what might be
 6   helpful -- although maybe not -- is for me to get in camera
 7   the document, the contested document, as well as what is in
 8   the public domain, so that I can make a comparison and be in
 9   better shape to give everybody my opinion on whether this is
10   worth briefing or not.  How does that sound?
11              MS. JACOBS:  Your Honor, that is perfect for us
12   and you read my mind because I was going to suggest the same
13   thing.
14              THE COURT:  Okay.  So what do you think,
15   Mr. Quinn, is three weeks reasonable?  What is reasonable?
16   What I want to do is give a time in which your successor can
17   be appointed and Ms. Jacobs can speak to that person.  Then
18   you folks can file this.
19              MR. QUINN:  I think so, Your Honor, the 27th of
20   May for joint status report would be fine for my successor.
21              THE COURT:  Okay.  Ms. Jacobs, is that all right
22   with you?
23              MS. JACOBS:  Yes, Your Honor.  That works for me.
24              THE COURT:  Okay.  So what I am going to say is
25   that, in that joint status report, if resolution is not been
```

1   reached, then the government must also provide in camera the
2   disputed document.  And you can produce in camera,
3   Ms. Jacobs, what you contend is public.
4             I'm going to be away at that point for a little
5   while thereafter so I may not be able to review it for a
6   little bit.  But I will do so as soon as I get back.  Again,
7   if there is not agreement, I can have a hearing where I can
8   chat with both sides about what I see.  And then if that
9   still doesn't yield resolution, then we'll just have to
10  brief it I guess.  Okay?
11            MR. QUINN:  Yes.  Your Honor, may we contact your
12  chambers in order to arrange for delivery of the document?
13            THE COURT:  Please.  Because it's classified.
14            MR. QUINN:  Right.
15            THE COURT:  So it's possible then they may not
16  deliver it until I get back because I don't want it sitting
17  around.  I have some cleared clerks but I don't know if
18  there is a basis for -- well, yes, you can contact chambers
19  to arrange that, that would be great.
20            MR. QUINN:  Thank you.
21            THE COURT:  Anything else I should address today,
22  Ms. Jacobs?
23            MS. JACOBS:  Nothing on our end, Your Honor.
24  Thank you for this hearing.
25            THE COURT:  My pleasure.

1        Mr. Quinn?

2        MR. QUINN:  Nothing, thank you, Your Honor.

3        THE COURT:  Have a nice weekend.

4        (Whereupon, at 2:12 p.m., the hearing concluded.)

10                    CERTIFICATE OF REPORTER

11                    I, Lisa Walker Griffith, certify that

12   the foregoing is a correct transcript from the record of

13   the remotely reported proceedings in the above-entitled

14   matter, and is subject to the technological limitations of

15   court reporting remotely, including signal interference and

16   other restrictions.

20   _____    5-17-2022
     Lisa Walker Griffith, RPR            Date