**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL SECURITY ARCHIVE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-2857 (JEB) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This action arises from a Freedom of Information Act ("FOIA") request submitted by the National Security Archive to the Central Intelligence Agency ("CIA" or "Agency"). In its request, Plaintiff seeks the disclosure by the CIA of Lieutenant General Leonard Perroots' January 1989 "End of Tour Report Addendum." Compl., ECF No. 1; ECF No. 1-2 (request to the CIA). On April 15, 2022, the CIA produced the document with redactions pursuant to FOIA exemptions 1 and 3. These exemptions permit the withholding of classified national security information and information specifically exempted from disclosure by statute. 5 U.S.C. § 552(b)(1), (3).

The only dispute before the Court are the redactions applied by the CIA to this document. *See* Tr. of May 6, 2022 Hearing at 5:17–19, ECF No. 15. As explained in the declaration of Lauren Holm on behalf of the CIA, Ex. A, and the Government's accompanying classified submission, the Government's application of these exemptions is well taken. Moreover, CIA has released all reasonably segregable information not subject to FOIA's exemptions. Nor does the official acknowledgment doctrine apply to defeat the exemption claims here. CIA is therefore entitled to summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 2, 2021, Plaintiff the National Security Archive submitted a FOIA request to CIA, requesting only one document, the "January 9, 1989 'End of Tour Report (Addendum) General Perroots.'" Holm Decl. ¶ 6. CIA acknowledged receipt of Plaintiff's request on August 11, 2021. Holm Decl. ¶ 7. Plaintiff filed this lawsuit on October 27, 2021, pursuant to its FOIA request. Compl., ECF No. 1.

CIA searched for and located the requested document, which consisted of a cover letter and the requested memorandum. Holm Decl. ¶ 8. The cover letter explains that the requested

memorandum, written concurrent with Lt. Gen. Perroots' retirement as Director of the Defense Intelligence Agency, "documents a chain of events and an important analytical problem that I believe the U.S. Intelligence Community has never adequately addressed." Ex. B. Following coordination with external agency stakeholders, CIA sent a letter on April 15, 2022, stating that the document could be released in segregable form with redactions made on the basis of FOIA exemptions (b)(1) and (b)(3). Holm Decl. ¶ 9. More specifically, CIA released the cover letter to the memorandum with minor redactions but withheld the substance of the memorandum itself in full. *See* Ex. B.

On April 29, 2022, the parties filed a Joint Status Report in which Plaintiff alleged that in February, 2021, the Department of State published a transcribed version of the memorandum with fewer redactions than the version of the document produced by the CIA. Joint Status Report, ECF No. 13. Plaintiff argued that the release by the State Department waived the withholdings made by the CIA. *Id*. at ¶ 13. Following a status conference in which the parties discussed Plaintiff's contention, the Court ordered the Parties to submit for *in camera* review the responsive document, "as well as what is in the public domain." Tr. of May 6, 2022 Hearing at 6:1–10; May 6, 2022 Minute Order. CIA subsequently moved for reconsideration of that order and the Court granted the motion, ordering that it would conduct an *in camera* review in association with summary judgment briefing to commence July 27, 2022. June 22, 2022 Minute Order.

**STATUTORY STANDARDS**

I. <u>**The Freedom of Information Act**</u>

FOIA reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted). "Congress recognized, however, that public disclosure

is not always in the public interest." *CIA v. Sims*, 471 U.S. 159, 166–67 (1985). Accordingly, although FOIA "strongly favors prompt disclosure, its nine enumerated exemptions are designed to protect those 'legitimate governmental and private interests' that might be 'harmed by release of certain types of information.'" *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003) (quoting *John Doe Agency*, 493 U.S. at 152). Thus, the exemptions must be given "meaningful reach and application" in order to achieve the "workable balance" that Congress has struck "between the right of the public to know and the need of the Government to keep information in confidence." *John Doe Agency*, 493 U.S. at 152 (citations omitted). The agency bears the burden of justifying the withholding of material responsive to a FOIA request, and a court reviews the agency's response to the request *de novo*. 5 U.S.C. § 552(a)(4)(B).

"Most FOIA cases are appropriately resolved on motions for summary judgment." *Gilliam v. DOJ*, 128 F. Supp. 3d 134, 138 (D.D.C. 2015) (citing *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011)). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court may award summary judgment in a FOIA action solely on the basis of information provided by the agency through declarations that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted). This is not a high bar: "[u]ltimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Id.*; *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (agencies' FOIA

4

declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims.").

## II. Special Considerations in National Security Cases

The issues presented in this case directly "implicat[e] national security, a uniquely executive purview." *Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 926-27 (D.C. Cir. 2003). Courts "accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record[s] [in a FOIA suit] because the Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse [e]ffects might occur as a result of [the disclosure of] a particular classified record." *Larson*, 565 F.3d at 864 (citation omitted); *see also ACLU v. DoD*, 628 F.3d 612, 619 (D.C. Cir. 2011) (explaining that "courts lack the expertise to second-guess such agency opinions in the typical national security FOIA case"); *Ctr. for Nat'l Sec. Studies*, 331 F.3d at 927 ("[I]n the FOIA context, we have consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review."). FOIA "bars the courts from prying loose from the government even the smallest bit of information that is properly classified or would disclose intelligence sources or methods." *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983).

## ARGUMENT

**CIA's Withholding of the Requested Document is Proper under FOIA Exemptions 1 and 3.**

### I. CIA Properly Withheld Information under Exemption 1.

Exemption 1 protects from disclosure records that are "(A) specifically authorized … by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Executive

Order No. 13526, which currently governs the classification of national security information, establishes four prerequisites: (1) an original classification authority classifies the information; (2) the U.S. Government owns, produces, or controls the information; (3) the information is within one of eight protected categories listed in Section 1.4 of the Order ("Section 1.4"); and (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, and identifies or describes that damage. Exec. Order No. 13526, § 1.1(a). The information must also "pertain[] to" one of the categories of information specified in the Executive Order, including "intelligence activities (including covert action), intelligence sources or methods." Exec. Order No. 13,526 § 1.4(c); *see also Judicial Watch, Inc. v. DoD*, 715 F.3d 937, 941 (D.C. Cir. 2013) ("'[P]ertains' is 'not a very demanding verb.'") (citation omitted). As addressed above, in matters affecting national security, the courts afford "substantial weight" to an agency's declarations addressing classified information and defer to the expertise of agencies involved in national security and foreign relations. *ACLU v. DoD*, 628 F.3d at 619 (citing *Wolf*, 473 F.3d at 374).

Here, CIA determined that certain information in the responsive record is currently and properly classified, and thus exempt from disclosure under Exemption 1. Holm Decl. ¶ 11, 15. CIA has provided a declaration from an individual who is authorized to classify national security information, who has personally reviewed the information at issue and confirmed that it is owned and under the control of the United States. *Id.* Further, the declarant has determined that the information warrants classification to protect "'intelligence activities (including covert action), [or] intelligence sources or methods.'" *Id.* (quoting Exec. Order No. 13526 § 1.4(c)). As the Holm Declaration explains, the information withheld under Exemption 1 "consists of information that would tend to reveal specific intelligence activities, sources, and methods that are either still

6

actively in use or which remain viable for use today." Holm Decl. ¶ 12. CIA's invocation of Exemption 1 is further supported by the Government's classified submission provided today for the Court's *ex parte*, *in camera* review. See Holm Decl. ¶ 15.

Based on CIA's declaration, and the deference owed to national security officials in this context, *see Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003), the Court should uphold the Exemption 1 redactions and withholdings by CIA.

II.     **CIA Properly Withheld Information under Exemption 3.**

Exemption 3 incorporates into FOIA "the protections of other shield statutes," *ACLU v. DoD*, 628 F.3d at 617–18, by excluding from FOIA's purview matters that are "specifically exempted from disclosure by statute" if the statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue," or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). The Government's mandate to withhold information under Exemption 3 is broader than its authority under Exemption 1, as it does not have to demonstrate that the disclosure will harm national security. Instead, "[t]o invoke Exemption 3, the government need only show that the withheld material falls within a statute meeting the exemption's conditions." *DiBacco v. U.S. Dep't of the Army*, 926 F.3d 827, 835 (D.C. Cir. 2019) (citation omitted). "If an agency's statements supporting exemption contain reasonable specificity of detail as to demonstrate that the withheld information logically falls within the claimed exemption and evidence in the record does not suggest otherwise . . . the court should not conduct a more detailed inquiry to test the agency's judgment and expertise or to evaluate whether the court agrees with the agency's opinions." *Id.*

Here, CIA invokes Exemption 3 to withhold certain information under the National Security Act of 1947. It is well established that this statute "qualifies as an exemption statute

7

under [E]xemption 3." *ACLU v. DoD*, 628 F. 3d at 619. As amended, Section 102A(i)(1) of this Act provides that the Director of National Intelligence "shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 3024(i)(1). The Supreme Court, recognizing the "wide-ranging authority" provided by the National Security Act, has held that it is "the responsibility of the Director of Central Intelligence, not that of the judiciary, to weigh the variety of complex and subtle factors in determining whether disclosure of information may lead to an unacceptable risk of compromising the Agency's intelligence-gathering process." *Sims*, 471 U.S. at 180. As the Court observed, the Act "simply and pointedly protect[s] all sources of intelligence that provide, or are engaged to provide, information [that] the Agency needs to perform its statutory duties with respect to foreign intelligence." *Id.* at 169–70.

Here, CIA has invoked the National Security Act to withhold information that, for the same reasons set forth above regarding CIA's Exemption 1 withholdings, "would reveal intelligence sources and methods." Holm Decl. ¶¶ 17–20. CIA has further withheld information that, although not necessarily classified, would be revealing of intelligence sources and methods if released. Holm Decl. ¶ 19 (explaining for example the rationale for withholding "dissemination control methods" from the challenged document). Such information is expressly protected by Section 102A(i)(1) of this Act, and is correspondingly exempt from disclosure under Exemption 3. CIA's invocation of Exemption 3 is further supported by the Government's classified submission provided today for the Court's *ex parte*, *in camera* review. Holm Decl. ¶ 20.

### III.    CIA Processed and Released All Reasonably Segregable Information

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b)(9). But an agency need not disclose records in which the

nonexempt information remaining is meaningless.  *See Nat'l Sec. Archive Fund, Inc. v. CIA*, 402 F. Supp. 2d 211, 220-21 (D.D.C. 2005) (concluding that no reasonably segregable information existed, where "the non-exempt information would produce only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words.").  "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).  And as with other aspects of its review under FOIA, a court "may rely on government affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated." *Juarez v. DOJ*, 518 F.3d 54, 61 (D.C. Cir. 2008).

Here, CIA conducted a careful, line-by-line review of the responsive document, and withheld information only after the agency concluded that there was no additional reasonably segregable factual or non-exempt information responsive to the request that could be released. Holm Decl. ¶ 21.  CIA is entitled to summary judgment on that issue as well.

**IV.**     **CIA Has Not Officially Acknowledged the Exempt Information**

Plaintiff has argued that CIA has waived its invocation of Exemptions (b)(1) and (b)(3) because of a State Department publication that Plaintiff contends reflects information contained within the responsive document.  Plaintiff here invokes the "official acknowledgment" doctrine, which requires a Plaintiff to show that "information in the public domain [] (1) matches the information requested, (2) is as specific [as the information sought under FOIA], and (3) has been made public through an official and documented disclosure." *Knight First Amendment Inst. v. CIA*, 11 F.4th 810, 815 (D.C. Cir. 2021).

At minimum, Plaintiff cannot prevail under this doctrine because of the third element regarding official disclosure.  That element will not be met by a plaintiff where the disclosure was

"made by someone other than the agency from which the information is being sought." *Id.* at 816. The only exception is where disclosure comes not from the agency itself but from an authorized representative of the agency's parent. *Id.* at 816–17. The D.C. Circuit has found this exception met where disclosure comes from a different component of the same agency or where disclosure comes from the President as head of the entire Executive Branch. *See id.*

The State Department document Plaintiff reliefs on cannot defeat the exemption claims here. Under the foregoing precedent, the State Department cannot cause an "official disclosure" of information belonging to another Executive Branch agency. Moreover, certain information in the document to which Plaintiffs point was released by State without necessary authorization and it therefore could not constitute an official disclosure in any event. The Government's classified submission provides additional information regarding this point.

## CONCLUSION

For all the foregoing reasons, the CIA respectfully requests that the Court grant its motion for summary judgment and enter judgment in its favor on all claims.

Dated: July 27, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ James R. Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Email: james.r.powers@usdoj.gov
*Counsel for Defendant*