# Exhibit A

UNCLASSIFIED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL SECURITY ARCHIVE,**<br><br>    Plaintiff,<br><br>         v.<br><br>**CENTRAL INTELLIGENCE AGENCY,**<br><br>    Defendant. | Case No. 1:21-cv-2857 (JEB) |

**DECLARATION OF LAUREN HOLM, ACTING INFORMATION REVIEW OFFICER FOR
THE LITIGATION INFORMATION REVIEW OFFICE,
CENTRAL INTELLIGENCE AGENCY**

I, LAUREN HOLM, hereby declare and state:

## I.    INTRODUCTION

1. I currently serve as the Freedom of Information Act ("FOIA")/ Privacy Act ("PA") Team Lead for the Litigation Information Review Office ("LIRO") at the Central Intelligence Agency ("CIA" or "Agency"). I assumed this position in July 2022.

2. Prior to becoming the FOIA/PA Team Lead for LIRO, I served as a Data Management Officer/Classification Officer for 23 months. In that role, I was responsible for making initial classification determinations, as well as second-line reviews, of Agency-wide information. Prior to that, I was an archivist with the George W. Bush Presidential Library and Museum, part of the National Archives and Records Administration for over ten years.

3. As the FOIA/PA Team Lead for LIRO, I serve as the Acting IRO for that office in the IRO's absence. As Acting IRO for LIRO, I hold original classification authority at the TOP SECRET level under written

delegation of authority pursuant to section 1.3(c) of Executive Order 13526, 75 Fed. Reg. 707 (Jan. 5, 2010). This means I am authorized to assess the current, proper classification of CIA information, up to and including TOP SECRET information, based on the classification criteria of Executive Order 13526 and applicable regulations. Among other things, I am responsible for the classification review of CIA documents and information that may be the subject of court proceedings or public requests for information under FOIA, 5 U.S.C. Section 552, and the Privacy Act of 1974, 5 U.S.C. Section 552a.

4. Through the exercise of my official duties, I have become familiar with this civil action and the underlying FOIA request. I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

5. I submit this declaration in support of the Motion for Summary Judgment the United States Department of Justice has filed in this proceeding. The purpose of this declaration is to explain and justify, to the greatest extent possible on the public record, the Central Intelligence Agency's ("CIA" or "Agency") application of Freedom of Information Act ("FOIA") Exemptions (b)(1) and (b)(3) to protect classified and statutorily protected information. Part II of this declaration provides the administrative history of the case, and Part III explains the basis for CIA's FOIA Exemptions.

II. **PLAINTIFF'S FOIA REQUEST**

6. By letter dated 2 August 2021, Plaintiff submitted a FOIA request to the CIA seeking the:

"January 9, 1989 'End of Tour Report (Addendum) General Perroots.'"

A true and correct copy of Plaintiff's FOIA request is attached as Exhibit A.

7. By a letter dated 11 August 2021, the CIA acknowledged receipt of Plaintiff's request. A true and correct copy of CIA's receipt is attached as Exhibit B.

8. The CIA searched for and located the responsive document. By a letter dated 15 December 2021, the CIA referred the responsive document to external agency stakeholders.

9. By a letter dated 15 April 2022, the CIA reported that it had reviewed the document and determined that the document could be released in segregable form with redactions made on the basis of FOIA exemptions (b)(1) and (b)(3). A true and correct copy of this letter is attached as Exhibit C.

### III. EXEMPTIONS CLAIMED

#### A. FOIA Exemption (b)(1)

10. Exemption (b)(1) provides that FOIA does not require the production of records that are: "(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive Order." 5. U.S.C. § 552(b)(1). Here, the information withheld pursuant to Exemption (b)(1) satisfies the procedural and the substantive requirements of E.O. 13526, which governs the classification of national security information. See E.O. 13526 § 1.1 (a), § 1.4 (c), §1.6, §1.7 (a).

UNCLASSIFIED

11. As an original classification authority, I have determined that discrete portions of the document at issue here are currently and properly classified and appropriately withheld from disclosure. Additionally, this information is owned by and is under the control of the U.S. Government. As described below, the information falls under classification category § 1.4(c) of the Executive Order because it concerns "intelligence activities (including covert action), [or] intelligence sources or methods." Further, its unauthorized disclosure could reasonably be expected to result in serious, and in some cases exceptionally grave, damage to U.S. national security. In accordance with § 1.7(a) of the Order, none of the information at issue has been classified in order to conceal violations of law, inefficiency or administrative error; prevent embarrassment to a person, organization or agency; restrain competition; or prevent or delay the release of information that does not require protection in the interests of national security. Moreover, the responsive document that contains classified information is properly marked in accordance with § 1.6 of the Executive Order.

12. In his January 9, 1989 End of Tour Report (Addendum), General Perroots provided observations and commentary on indications and warnings capabilities and exercise planning. This information, withheld pursuant to Exemption (b)(1), contain and, as a result, would tend to reveal specific intelligence activities, sources, and methods that are either still actively in use or which remain viable for use today, despite the age of the document. The CIA must guard against the

4

disclosure of the clandestine methods it uses to collect and analyze intelligence. Intelligence methods are the techniques and means by which an intelligence agency accomplishes its mission, to include how the CIA trains officers to accomplish the mission, and the classified internal regulations, approvals, and authorities that govern CIA officers' conduct. Such intelligence sources and methods must be protected to prevent foreign adversaries, terrorist organizations, and others from learning about the ways in which the CIA operates, that would allow them to use countermeasures to undermine U.S. intelligence capabilities and render collection efforts ineffective. Clandestine intelligence collection methods are effective as long as they remain unknown and unsuspected. If the techniques or sources used are disclosed, their usefulness expires, and the CIA's ability to employ them in other operations is significantly downgraded. Even revealing intelligence methods that are identified as "prohibited" can provide insight into the ways in which the CIA does or does not operate. In any case, such information tends to be particularly valuable to our adversaries in their attempts to interfere with the CIA's intelligence operations.

13. Consequently, the CIA must carefully evaluate whether its response to a particular FOIA request could jeopardize the clandestine nature of its intelligence activities or otherwise reveal previously undisclosed information about its sources, capabilities, authorities, interests, strengths, weaknesses, personnel, or resources. I have made this evaluation here and have determined that disclosure of the information at issue would jeopardize these interests despite the age

UNCLASSIFIED

of the information. The passage of time does not, in and of itself, necessarily obviate the damage to national security that may be reasonably likely to result from disclosure of the information and the need to protect this information.

14. The information withheld from the challenged document consists of observations and commentary on specific intelligence sources and collection methods, and revealing those observations and commentary would tend to reveal the underlying sources and methods. I have determined that the unauthorized disclosure of such information is reasonably likely to cause damage to the national security, for the reasons stated above. As a result, I have determined that this information remains currently and properly classified pursuant to the criteria of Executive Order 13526. As described in further detail below, Exemption (b)(3) in conjunction with the National Security Act of 1947 applies to all of the information protected by Exemption (b)(1).

15. I have also reviewed the Government's classified submission and hereby incorporate it by reference. That submission further supports my invocation of Exemption (b)(1) above.

B. **FOIA Exemption (b)(3)**

16. FOIA Exemption (b)(3) provides that FOIA does not apply to matters that are:

> Specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. . .

5 U.S.C. § 552(b)(3).

6

UNCLASSIFIED

17. Section 102A(i)(1) of the National Security Act of 1947, as amended, 50 U.S.C. § 403- 1(i)(1) (the "National Security Act"), which provides that the Director of National Intelligence ("DNI") "shall protect intelligence sources and methods from unauthorized disclosure," applies to the withheld classified information described above. As an initial matter, the National Security Act is well-established as an Exemption (b)(3) withholding statute that both refers to particular types of matters to be withheld, and "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3). Under the direction of the DNI pursuant to section 102A of the National Security Act, as amended, and in accordance and consistent with section 1.6(d) of Executive Order 12333, the Director of the CIA is required to protect CIA sources and methods from unauthorized disclosure. Accordingly, the CIA relies on the National Security Act to withhold information that would reveal intelligence sources and methods.

18. The National Security Act's statutory requirement to protect intelligence sources and methods does not require the CIA to identify or describe the damage to national security that reasonably could be expected to result from their unauthorized disclosure. Nonetheless, in this case, the protections of the National Security Act Exemption (b)(3) apply to the same information for which Exemption (b)(1) was asserted. Disclosure of such information could significantly impair the CIA's ability to carry out its core mission of gathering and analyzing foreign

intelligence, and is precisely the type of intelligence information, the disclosure of which the statute prohibits.

19. In addition, the CIA withheld additional unclassified intelligence methods pertaining to the manner in which the Agency protects its intelligence. The Agency protects intelligence methods that may be unclassified, but nevertheless if disclosed, would reveal sensitive intelligence sources and methods. For example, the dissemination control methods were redacted from the challenged document. Disclosure of the dissemination controls used for particular information itself risks revealing the sources or methods from which the information was derived.

20. I have also reviewed the Government's classified submission and hereby incorporate it by reference. That submission further supports my invocation of Exemption (b)(3) above.

C. **SEGREGABILITY**

21. In evaluating a responsive document, the CIA conducts a line-by-line review and releases all reasonably segregable, non-exempt information. In this case, after conducting a line-by-line review of the record at issue, I have determined that no additional information contained in the document that was released in part, may be released without jeopardizing classified intelligence sources and methods and/or other statutorily-protected information that falls within the scope of one or more FOIA exemptions.

22. Therefore, the Agency has segregated all non-exempt, reasonably segregable material.

UNCLASSIFIED

\*   \*   \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of July 2022.

*Lauren C. Holm*
Lauren C. Holm
Acting Information Review Officer
Litigation Information Review Office
Central Intelligence Agency

UNCLASSIFIED