IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CENTRAL INTELLIGENCE AGENCY, )<br>)<br>Defendant. )<br>) | Civil Action No. 21-2857 (JEB) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The only dispute before the Court in this Freedom of Information Act case concerns the redactions applied by the CIA to one document on the basis of FOIA Exemptions 1 and 3, which govern the withholding of classified national security information and information specifically exempted from disclosure by statute. 5 U.S.C. § 552(b)(1), (3). These exemptions are well taken here and support the withholding of the memorandum at issue. Specifically, as shown by the Government's motion for summary judgment, the accompanying declaration, and the accompanying classified submission, the withheld information is currently and properly classified—and thus exempt from disclosure under Exemption 1—and its public release would be revealing of intelligence sources and methods—thus rendering it exempt from disclosure under Exemption 3 pursuant to the National Security Act of 1947, 50 U.S.C. § 3024(i)(1). ECF No. 21. Plaintiff's brief in opposition fails to engage with nearly all of these points, essentially conceding most of the issues raised in the Government's motion. *See* Opp'n, ECF No. 25. As to the issue Plaintiff does engage on, that of official acknowledgement, the Government's summary judgment submission rebuts that argument. Accordingly, Defendant is entitled to summary judgment.

1

## ARGUMENT

Plaintiff responds to the Government's motion by hanging its hat almost entirely on the "official acknowledgment" doctrine, contending that a State Department publication reflects information contained within the responsive document and, accordingly, the FOIA exemptions relied upon by the CIA have been waived. *E.g.*, Opp'n at 1–2. But a Plaintiff invoking this doctrine must show that the withheld information "has been made public through an official and documented disclosure" by the "agency from which the information is being sought" or by an authorized representative of the agency's parent. MSJ Mem. at 9–10, ECF No. 21-1 (quoting *Knight First Amendment Inst. v. CIA*, 11 F.4th 810, 815–17 (D.C. Cir. 2021)). As explained in the Government's opening brief and accompanying submissions, the State Department cannot cause an "official disclosure" of information belonging to another Executive Branch agency and, in any case, certain information in the publication to which Plaintiff points was released by State without necessary authorization and it therefore could not constitute an official disclosure in any event. *Id*. The Government filed a classified submission to provide additional information about these points that it could not state on the public record.

In response, Plaintiff argues that the State Department publication "occurred pursuant to statutorily-mandated procedures requiring the CIA's involvement and approval," and that the CIA signed off on the declassification of the withheld information through those procedures. Opp'n at 6, 8. The Government submits today a Supplemental Classified, *Ex Parte*, *In Camera* Declaration from Vanna Blaine, Information Review Officer for the Litigation Information Review Office, CIA. This declaration addresses points made in Plaintiff's response, including by further elaborating the CIA's role in the classification review process as it concerns the Department of

2

State's Volume IV of the FRUS.[1] Ms. Blaine's declaration underscores Plaintiff's failure to hurdle the bar of the official acknowledgment doctrine and the propriety of the CIA's claims of Exemptions 1 and 3 here. The declaration also explains why the CIA cannot further address this issue on the public record.

Plaintiff also contends that information "already in the public domain" generally cannot be withheld pursuant to FOIA's exemptions. Opp'n at 10–12. It appears here that Plaintiff is attempting to skirt the official acknowledgment issue by arguing that the Court may ignore that issue whenever information has allegedly been published already. But there is no "public domain" exception to the official acknowledgment doctrine. Instead, the D.C. Circuit has interchangeably referred to the "public domain exception" and the "official acknowledgment" doctrine. *See BuzzFeed, Inc. v. Dep't of Justice*, 344 F. Supp. 3d 396, 407 (D.D.C. 2018) (citing *ACLU v. CIA*, 710 F.3d 422, 426–27 (D.C. Cir. 2013)).

Whatever terminology is used, the Court of Appeals has made clear that information in the "public domain" will only effectuate a waiver of a FOIA exemption where the information sought by the plaintiff has been released "by official disclosure." *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007) (interchangeably using terms official acknowledgment, official disclosure, and public domain). Moreover, it makes no difference whether a disclosure comes from the media, Congress, or even a different Executive Branch agency: none suffice to waive an agency's ability to invoke applicable FOIA exemptions. *See, e.g.*, *Frugone v. CIA*, 169 F.3d 772, 774–75 (D.C. Cir. 1999) (explaining and citing cases holding that FOIA Exemptions 1 and 3 are not waived by a non-

---

[1] Ms. Blaine did not serve as declarant on behalf of the CIA with respect to the motion for summary judgment because of her personal unavailability on the date of the Government's prior filing. She is serving as declarant in association with today's filing because it is an ordinary part of her duties to serve as a declarant on behalf of the CIA in FOIA litigation matters.

official disclosure of information, whether that disclosure came from the media, Congress, or a different Executive Branch agency). The three-element test cited in the Government's opening brief governs Plaintiff's reference to public domain information. Mem. at 9 (citing *Knight First Amendment Inst. v. CIA*, 11 F.4th 810, 815 (D.C. Cir. 2021). There is no end run around that test or its dispositive implications for Plaintiff's claim.

Nor does *Washington Post v. Department of Defense*, 766 F. Supp. 1, 10 (D.D.C. 1991), help Plaintiff. *See* Opp'n at 11 (citing *Washington Post* for the proposition that "[a]gencies must provide a 'specific explanation for continued withholding of information' that has been made public, even when the public information was released unofficially, by a non-government entity"). The court in that case highlighted that it "does not . . . follow that agencies must always disclose information already in the public domain," going on to describe in substance, *inter alia*, the three elements of the official acknowledgment test as possible grounds for withholding public domain information. *See id.* at 9–10; *see also Fitzgibbon v. CIA*, 911 F.2d 755, 766 (D.C. Cir. 1990) ("[T]he fact that information resides in the public domain does not eliminate the possibility that further disclosures can cause harm to intelligence sources, methods, and operations."). In any event, the Government's initial classified submission explained why the withheld information must be protected notwithstanding the State Department's publication.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Government's opening brief and classified submissions, the CIA respectfully requests that the Court grant its motion for summary judgment and enter judgment in its favor on all claims.

Dated: September 1, 2022                                       Respectfully submitted,

                                                                          BRIAN M. BOYNTON
                                                                          Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ James R. Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Email: james.r.powers@usdoj.gov

*Counsel for Defendant*