UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE,<br><br>*Plaintiff*,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>*Defendant*. | Civil Action No. 21-2857 (JEB) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO AMEND JUDGMENT**

Pursuant to Federal Rule of Civil Procedure No. 59(e), the National Security Archive ("Archive" or "Plaintiff") respectfully moves to amend the Court's October 4, 2022 Order granting Defendant the Central Intelligence Agency's ("CIA" or "Defendant") motion for summary judgment.[1] The Court's Order has the effect of sanctioning a reclassification of the document at issue in this case, the Perroots Memorandum. Reclassification of information, however, is governed by Executive Order No. 13526's strict standards and procedures. Accordingly, Plaintiff respectfully requests that the Court amend its Order to require Defendant to subject the Perroots Memorandum to a reclassification review under Executive Order No. 13526. Reclassification should only be permitted if the review demonstrates that it is justified under Executive Order No. 13526's standards.

The vast majority of the text of the Perroots Memorandum has already been released to the public. As a practical matter, this release effectively constituted a declassification of the document. Regardless of what did or did not—and should or should not have—transpired surrounding the

---

[1] This motion could alternatively be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), for the same reasons outlined herein.

Department of State's February 2021 publication of the text from Perroots Memorandum, Executive Order No. 13526 prohibits reclassification after release to the public unless several conditions are satisfied. There are four requirements in the Executive Order, two of which are pertinent to this case: (1) "the reclassification is personally approved in writing by the agency head based on a document-by-document determination by the agency that reclassification is required to prevent significant and demonstrable damage to national security" and (2) "the information may be reasonably recovered without bringing undue attention to the information."[2]  Exec. Order No. 13526 (2009), reprinted in 75 Fed. Reg. 705 (Jan. 5, 2010); *see also* Docket Entry No. 25 at 10, note 6.  Plaintiff presented this argument in its Memorandum in Support of its Opposition to Defendant's Motion for Summary Judgment, *see* Docket Entry No. 25 at 10, note 6, and given the confidential nature of Defendant's submissions, cannot determine whether the CIA addressed this point.

This lawsuit and the media attention given to the Perroots Memorandum's publication in the Department of State's *Foreign Relations of the United States* Series ("FRUS") all but guarantee that any attempt to reclassify here would attract "undue attention." Since the Department of State's February 2021 publication, information from the document has been—and continues to be—freely available in the public domain. Anyone with a PACER account can access excerpts of the Perroots Memorandum that have been filed as exhibits in this case. *See* Docket Entry Nos. 1-2, 17-2, 23-

---

[2] To Plaintiff's knowledge, this condition has not been satisfied, and in any event, cannot be satisfied. Similar communications from the same era (including intelligence generated by National Security Agency, which the Perroots Memorandum includes) have been previously declassified, with no damage to national security. *See, e.g.*, September 6, 1983 Statement of U.N. Ambassador Jeane Kirkpatrick, *transcript available at* https://awpc.cattcenter.iastate.edu/2017/03/21/statement-on-kal-007-sept-6-1983/.

1. Additionally, information from the Perroots Memorandum or portions thereof remains available at a number of public locations.[3]

Plaintiff recognizes that the Court granted Defendant's motion for summary judgment and concluded that there was some error with the Department of State's FRUS publication process. Nevertheless, this case presents unusual circumstances, given that text from the document remains readily available in a Department of State publication and in other reproductions of that publication. Under such circumstances, Plaintiff respectfully suggests that the appropriate relief is ordering that the document be subject to the reclassification review process. Accordingly, and for the foregoing reasons, the National Security Archive respectfully requests that the Court amend its October 4, 2022 Order to require Defendant to subject the Perroots Memorandum to a reclassification review process under Executive Order No. 13526.

---

[3] These include Plaintiff's website, at the following link: https://nsarchive.gwu.edu/document/21035-us-air-force-lt-gen-leonard-h-perroots-letter-end-tour-report-addendum-january-1989, in cached form from DOS's website: https://web.archive.org/web/20210320083726/https://history.state.gov/historicaldocuments/frus1981-88v04/appxA, in stories written by the Washington Post, https://www.washingtonpost.com/national-security/soviet-nuclear-war-able-archer/2021/02/17/711fa9e2-7166-11eb-93be-c10813e358a2_story.html, Slate, https://slate.com/news-and-politics/2021/02/able-archer-nuclear-war-reagan.html, the Daily Mail UK: https://www.dailymail.co.uk/news/article-9274205/Declassified-documents-reveal-Sovietsreadied-nuclear-attack-1983-NATO-exercise.html, and other online news outlets: https://www.audacy.com/connectingvets/news/able-archer-the-exercise-that-almost-ended-the-world.

Dated: October 21, 2022							Respectfully submitted,

*/s/ Hilary Jacobs*
John S. Guttmann
D.C. Bar No. 251934
Hilary T. Jacobs
D.C. Bar No. 1021353
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, D.C. 20036
(202) 789-6020
jguttmann@bdlaw.com
hjacobs@bdlaw.com

*Counsel for Plaintiff*

4